DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the judgment and sentence of the Lucas County Court of Common Pleas which, following a no contest plea, found appellant, Willie Murchison, guilty of one count of felonious assault, in violation of R.C. 2903.11(A)(1), and theft, in violation of R.C. 2913.02 (A)(1) and (B)(2). Appellant raises the following assignment of error:
"Assignment of Error No. 1
 "Appellant's sentences should be reversed and modified pursuant to Ohio R.C. § 2953.08(A)(1)(a) and 2953.08(G)(1)(a),(b), as they were contrary to law and not supported by the record.
 "1. Appellant's sentence was not consistent with sentences imposed for similar crimes committed by similar offenders."
The relevant facts of this appeal are as follows. On September 29, 2000, appellant was indicted on one count of aggravated robbery, one count of theft, and one count of felonious assault.
On October 13, 2000, appellant entered a not guilty plea as to each of the counts. Appellant, on December 22, 2000, withdrew his not guilty plea and entered a plea of no contest to Count 2, theft, and Count 3, felonious assault. As to Count 1, aggravated robbery, it was agreed that a nolle prosequi would be entered at the time of sentencing.
The sentencing hearing in this matter was held on January 19, 2001. At the conclusion of the hearing, the trial court sentenced appellant to the maximum eight-year prison term for the felonious assault charge, a second degree felony, and a one-year prison term for the theft charge. The sentences were ordered to be served concurrently. Appellant then filed a notice of appeal.
In his sole assignment of error, appellant claims that his sentence is contrary to law in that it is inconsistent with sentences imposed for similar offenses. Appellant commenced this appeal pursuant to R.C.2953.08(A)(1)(a) and (G)(1).
R.C. 2953.08(A)(1)(a) permits an appeal by a defendant who is convicted of a felony and sentenced to a maximum prison term. R.C. 2953.08(G)(1) provides:
"The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *
"(d) That the sentence is otherwise contrary to law."
The primary purposes of the felony sentencing statutes are to "protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). To achieve these purposes a sentence shall not demean the seriousness of an offender's conduct and be consistent with the sentences of offenders who have committed similar crimes. R.C.2929.11(B).
Pursuant to R.C. 2929.12(A), the trial court has discretion in effectuating the principles and purposes of R.C. 2929.11(A). However, the court is required to consider the factors set forth in R.C. 2929.12(B) and (C), which relate to the seriousness of the conduct, and those factors set forth in R.C. 2929.12(D) and (E), which relate to the likelihood that the offender will commit future crimes.
If a trial court sentences an offender to the maximum sentence for a particular felony it is required to make the finding that the offender committed the worst form of the offense, that he or she posed the greatest likelihood of committing future crimes or that the maximum sentence is required by law. R.C. 2929.14(C). "When a court makes such a finding, R.C. 2929.19(B)(2)(d) also requires that the court state its reasons for imposing the maximum sentence." State v. Walk (Dec. 29, 2000), Erie App. No. E-97-079, citing State v. Edmonson (1999),86 Ohio St.3d 324, 328.
Appellant contends that the trial court "violated" R.C. 2929.11(B) by imposing a maximum eight-year prison sentence for the felonious assault charge when the sentence was "inconsistent with sentences imposed for offenders similarly situated." Appellant first compares his sentence to the sentence imposed on the defendant in State v. Goetz (Oct. 23, 1998), Hamilton App. No. C-970503. Goetz was convicted of two counts of felonious assault, second degree felonies, pursuant to R.C. 2903.11. Goetz was found guilty of repeatedly striking an individual with a claw hammer. The victim suffered a fractured skull, the loss of one of his eyes and a shattered arm. Appellant was sentenced to an eight-year prison term.
Next, appellant compares his sentence to the sentence imposed on the defendant in State v. Olds (June 8, 2000), Cuyahoga App. No. 76240. InOlds, the defendant was indicted on one count of felonious assault, with a peace officer specification, and one count of aggravated robbery, with a firearm specification. The indictment stemmed from an incident where Olds wrestled a sheriff's deputy to the ground and repeatedly banged his head on the pavement and kicked him, while attempting to steal the deputy's gun. Olds entered a guilty plea to the felonious assault charge, a first degree felony, and the aggravated assault charged was nolled. Olds was sentenced to nine years in prison (the maximum sentence was ten years.)
Appellant also compares his sentence to two recent Lucas County Court of Common Pleas cases. In State v. Richardson (CR01-1109), the defendant was convicted of two counts of aggravated robbery and felonious assault with a firearm specification. Richardson was sentenced to a five-year prison term on each of the counts to be served consecutively to each other and consecutively to the three-year mandatory prison term under the firearm specification. This sentence was combined with the sentence imposed on Richardson in another case for a total incarceration period of twenty-one years.
In State v. Fisher (CR01-1192), the defendant was convicted of one count of felonious assault. Fisher was sentenced to a non-prison term of four years of community control.
The state contends that the eight-year maximum sentence is not contrary to law and is supported by the record. The state cites the following cases for the proposition that similarly situated defendants have historically received eight to ten-year sentences.
In State v. Drake (Feb. 8, 2001), Cuyahoga App. No. 77460, the defendant was indicted on aggravated robbery and felonious assault charges, with firearm specifications. The defendant, and two other men, robbed the victim. To facilitate the robbery, the men assaulted the victim by placing a gun to his stomach and striking him in the back of the head with a gun. The victim's head was scarred as a result of the attack and approximately $1,110 was stolen. The defendant was consecutively sentenced to a ten-year prison term for aggravated robbery and five years of imprisonment for felonious assault.
The state next cites State v. Metz (Jan. 24, 2001), Summit App. No. 20144. Metz was convicted of one count of aggravated robbery and one count of felonious assault. At trial, the victim testified that she had left her place of employment to make the store's daily deposit. Her vehicle was rear-ended by a truck. Metz approached her and asked if she was alright. When she turned to look in the direction from which she believed she heard a siren, Metz sprayed her face with mace and punched her in the eye. The victim's purse was stolen and she was kicked or punched in the face a second time. The victim received fourteen stitches to her eye, had a cut across her face and a broken nose which required two surgeries to correct. Metz was sentenced to ten years of incarceration for aggravated robbery and eight years for felonious assault. The terms were ordered to be served concurrently.
In State v. Laster (Mar 2, 2001), Montgomery App. No. 18134, Laster and an accomplice beat and shot their victim and stole the victim's vehicle. Laster pled guilty to the aggravated robbery and felonious assault charges, the state dismissed a burglary charge and firearm specifications. Laster was sentenced to eight years of imprisonment on both charges to be served concurrently.
In State v. Terry, Hamilton App. No. C-000782, 2001 Ohio 4024, Terry, following a jury trial, was convicted of two counts of felonious assault and one count of aggravated robbery. Terry was sentenced to ten years for aggravated robbery, with a three-year mandatory firearm specification, and five years for each felonious assault charge to be served concurrently but consecutively to the aggravated robbery term. The convictions stemmed from an altercation between Terry and his 87 year old landlord and the landlord's nephew. Terry attacked the nephew with a sharp object and then, when the nephew ran for help, struck his landlord with a handgun and stole more than $1,400. The landlord suffered multiple lacerations.
Finally, the state cites State v. Rodgers (Feb. 11, 2000), Lucas App. No. L-99-1091. Rodgers was indicted on two counts of aggravated robbery, with firearm specifications, and one count of felonious assault. Rodgers pled no contest to the counts and the state agreed to nolle the firearm specifications. At sentencing, the trial court imposed a ten-year sentence on each charge and ordered that the terms run concurrently.
In the present case, appellant feloniously assaulted the victim in the side yard of her home. The victim suffered a broken jaw and various other cuts and bruises. Appellant stole the victim's purse and made withdrawals with her debit card totaling $560. We also note that appellant, prior to the charges herein, had a significant criminal history including four adult felonies and nine misdemeanors, many of which were violent in nature.
Upon careful review of the cases cites by the state and appellant, we conclude that appellant's sentence is consistent with sentences imposed for similar crimes. Accordingly, we find that appellant's sentence is clearly and convincingly supported by the record and is not contrary to law. Appellant's assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.